UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES, | CASE NO. 1:22-cr-00154 |
| v. | OPINION & ORDER |
| MICHAEL W. BURNS, | [Resolving Docs. 19] |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Michael Burns pleaded guilty to two charges related to discharging a firearm. He now moves to withdraw his plea. Because he presents a fair and just reason for doing so, the Court **GRANTS** Defendant Burns's motion.

In deciding whether Burns's should be allowed to withdraw from his guilty plea, the Court especially considers Burns' repeated hesitancy regarding his guilty plea and considers Burns's early motion to withdraw from the plea.

I. Background

On March 31, 2022, the Government indicted Defendant Michael Burns on three charges:

- Count 1: Assaulting, Resisting, Impeding an Officer or Employee under 18 U.S.C. §§ 111(a)(1) & (b);

- Count 2: Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §§ 922(g)(1) & 924(a)(2); and

- Count 3: Possession and Discharge of a Firearm in Furtherance of a Crime of

Case No. 4:22-cr-00154
GWIN, J.

Violence under 18 U.S.C. §§ 924(c)(1)(A)(i) & (c)(1)(A)(iii).[1]

At his April 19 arraignment, Defendant pleaded not guilty to these charges.[2]

On June 15, Defendant signed a plea agreement with the Government.[3] But at his subsequent plea-change hearing, he expressed confusion about the agreement and did not plead guilty.[4]

Defendant signed a second Rule 11(c)(1)(C) plea agreement with the Government on July 6.[5] In the second plea agreement, the Government agreed to dismiss Count 2 if Defendant pleaded guilty to the remaining counts.[6] The parties jointly agreed to recommend a sentence of 132 months' incarceration under Rule 11(c)(1)(C).[7]

Burns pleaded guilty to Counts 1 and 3 on July 29.[8] The Court accepted his plea.[9]

A week later and on August 5, Defendant wrote this Court and asked to withdraw his guilty plea.[10] Because Burns was detained sixty miles from his attorney's office, his counsel took some time to meet with Burns about his request to withdraw his plea. His counsel filed the instant motion on August 25.[11]

## II. Legal Standard

A defendant may withdraw a guilty plea after the Court accepts it but before sentencing. But he must show a fair and just reason for withdrawal.[12]

---

[1] Doc. 1 ¶¶ 1–3.
[2] Docket, April 19, 2022, Minutes of Arraignment.
[3] Doc. 22 at 1.
[4] June 17 Change of Plea Hearing at 6.
[5] Doc. 18 at 11 (PageID 61).
[6] *Id.* at ¶¶ 10–11.
[7] *Id.* at ¶ 16; FED. R. CRIM. P. 11(c)(1)(C).
[8] Doc. 21 at 15 (PageID 83)
[9] *Id.*
[10] Burns Letter.
[11] Doc. 19.
[12] FED. R. CRIM. P. 11(d)(2)(B).

Case No. 4:22-cr-00154
GWIN, J.

Court examines seven factors to determine whether a defendant's offered reason is fair and just:

1. the amount of time that elapsed between the plea and the motion to withdraw it;

2. the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

3. whether the defendant has asserted or maintained his innocence;

4. the circumstances underlying the entry of the guilty plea;

5. the defendant's nature and background;

6. the defendant's prior experience with the criminal justice system; and

7. potential prejudice to the Government if the motion to withdraw is granted.[13]

In deciding a motion to withdraw a plea, the Court considers these factors as a whole. No one factor controls.[14] And the Court may consider additional, unenumerated factors if they provide a fair and just reason to withdraw a guilty plea.[15]

The withdrawal process allows "a hastily entered plea made with unsure heart and confused mind to be undone."[16] But a defendant may not employ it as a "tactical decision … and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."[17]

### III. Discussion

The Court finds that the withdrawal factors weigh in Defendant Burns's favor.

---

[13] *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).
[14] *See United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (quoting *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).
[15] *See id.*
[16] *Id.*
[17] *Id.*

Case No. 4:22-cr-00154
GWIN, J.

### a. Time Elapsed

Because Defendant quickly changed his mind after pleading guilty, this factor weighs in his favor. The Sixth Circuit has described 30 days as "the boundary line between what is acceptable and what is not."[18] Defendant informally attempted to withdraw his plea only about a week after entering it. And only 27 days passed between Defendant's guilty plea and this motion.

### b. Reason for Not Moving Sooner

This factor doesn't apply here. It allows the Court to excuse a motion's untimeliness for good cause, provided the delay isn't longer than the circumstances warrant.[19] Because Defendant moved quickly, the Court need not consider why he didn't file sooner.

### c. Defendant Maintaining Innocence

Defendant Burns has acknowledged guilt of being a felon in possession of a firearm but has repeatedly claimed innocence to the counts charging he intentionally assaulted police officers.[20] This factor weighs in Burns's favor. Burns has consistently claimed that his firearm accidentally fired,[21] and claimed that he is innocent of Charges 1 and 3.[22]

In his letter to the Court, Defendant stated that "from the beginning, [he] never wanted to plead guilty [to Counts 1 and 3] … because [he's] not guilty."[23] He also noted he was "having a hard time accepting a 132 month sentence for something [he] did not do."[24]

---

[18] *Benton*, 639 F.3d at 727 (quoting *United States v. Jannuzzi*, 2009 WL 579331, *3 (6th Cir.2009)).
[19] *See Benton*, 639 F.3d at 727.
[20] *See United States v. Baez*, 87 F.3d 805 (6th Cir. 1996).
[21] *See* Doc. 27 at 4 (PageID 106) (noting that Burns pleaded guilty only after a proffer in which he "indicated the gun was discharged accident."); *Id.* at 15 ("I didn't intentionally try to assault [any] officer. The gun went off by accident by me trying to hide it, and that was it.").
[22] *See id.* at 15; Burns Letter at 1–2.
[23] *Id.*
[24] *Id.* at 2.

- 4 -

Case No. 4:22-cr-00154
GWIN, J.

Defendant Burns's conduct tips this factor in his favor. He affirmatively asserted his innocence shortly after pleading guilty and again at his plea-withdrawal motion hearing.[25] Further, he disputes facts underlying his charges.[26]

### d. Circumstances in which Defendant Pleaded Guilty

The circumstances surrounding Defendant's plea change also weigh in Defendant's favor.

A defendant may not withdraw his plea for purely tactical reasons.[27] So the circumstances surrounding the plea's entry must demonstrate the defendant's "unsure heart" or "confused mind."[28]

Only two days after signing the first plea agreement, Defendant changed his mind and refused to plead guilty. He expressed uncertainty, saying that he needed to discuss the plea deal with his family and to review evidence.[29]

Defendant later signed a second plea agreement and pleaded guilty to Counts 1 and 3. But Defendant asserts that he pleaded guilty only because he believed his attorney refused to go to trial.[30] Only a week after pleading guilty, Defendant expressed those concerns in a letter to the Court. He asked to withdraw his plea and to be appointed a new attorney who was willing to try his case.[31]

---

[25] *Cf. Baez*, 87 F.3d at 809 (defendant did not reassert innocence until sentencing); *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) ("When asked whether he was telling the district court that he was not guilty, [the defendant] did not answer in the affirmative.").
[26] *Cf. United States v. Ryerson* 502 F. App'x 495, 499 (6th Cir. 2012) ("[The defendant] raised no issues relating to the facts supporting the ... charge.").
[27] *Benton*, 639 F.3d at 728.
[28] *See id.*
[29] June 17 Plea-Change Hearing at 6 ("I never really came up with a decision [about] a plea agreement ... .").
[30] *See* Burns Letter at 1–2; Doc. 27 at 5.
[31] Burns Letter at 1–2.

- 5 -

Case No. 4:22-cr-00154
GWIN, J.

These circumstances demonstrate that Defendant entered his guilty plea with an "unsure heart." Burns shows evidence that he had not wanted to plead guilty. Likely because of advice he received from his attorney, Burns thought his attorney was unwilling to try the case, so he believed the plea deal was his only option.[32]

### e. Defendant's nature and background

This factor weighs in the Government's favor. The Court considers the Defendant's ability to understand the plea and its consequences based on his education and characteristics.[33]

Defendant is 49 years old and has a GED.[34] He suffers from depression and PTSD.[35] But nothing indicates that his mental-health issues or any other characteristic prevented him from understanding his plea or its consequences.[36]

### f. Defendant's prior experience with the criminal justice system

Defendant's significant prior experience with the criminal justice system weighs in the Government's favor.

The more experience with the criminal justice system a defendant has accumulated, the more heavily this factor weighs in the Government's favor. A more experienced Defendant is more likely to understand his plea's consequences and the potential sentence that flows from it.[37]

---

[32] Defendant Burns and his attorney have since "resolved whatever miscommunications were between [them]." Doc. 27 at 6 (PageID 108).
[33] *See United States v. Catchings*, 708 F.3d 710, 719 (6th Cir. 2013).
[34] June 17 Change of Plea Hearing at 3.
[35] *Id.*
[36] *Id.* at 3–4.
[37] *See Catchings*, 708 F.3d at 719.


Case No. 4:22-cr-00154
GWIN, J.

These circumstances demonstrate that Defendant entered his guilty plea with an "unsure heart." Burns shows evidence that he had not wanted to plead guilty. Likely because of advice he received from his attorney, Burns thought his attorney was unwilling to try the case, so he believed the plea deal was his only option.[32]

### e. Defendant's nature and background

This factor weighs in the Government's favor. The Court considers the Defendant's ability to understand the plea and its consequences based on his education and characteristics.[33]

Defendant is 49 years old and has a GED.[34] He suffers from depression and PTSD.[35] But nothing indicates that his mental-health issues or any other characteristic prevented him from understanding his plea or its consequences.[36]

### f. Defendant's prior experience with the criminal justice system

Defendant's significant prior experience with the criminal justice system weighs in the Government's favor.

The more experience with the criminal justice system a defendant has accumulated, the more heavily this factor weighs in the Government's favor. A more experienced Defendant is more likely to understand his plea's consequences and the potential sentence that flows from it.[37]

---

[32] Defendant Burns and his attorney have since "resolved whatever miscommunications were between [them]." Doc. 27 at 6 (PageID 108).
[33] *See United States v. Catchings*, 708 F.3d 710, 719 (6th Cir. 2013).
[34] June 17 Change of Plea Hearing at 3.
[35] *Id.*
[36] *Id.* at 3–4.
[37] *See Catchings*, 708 F.3d at 719.

Case No. 4:22-cr-00154
GWIN, J.

Although he hasn't previously faced federal charges, Defendant Burns has significant experience with Ohio's justice system over the last 30 years, including several felonies.[38] This factor weighs in the Government's favor.

### g. Prejudice to the Government

The Government has not described any prejudice from allowing Burns to withdraw his motion,[39] apart from whatever prejudice coming from the duty to present its case.

Ultimately, Defendant Burns maintains his innocence and hesitated before pleading guilty. After entering his guilty plea, he attempted to withdraw it almost immediately. These facts outweigh his ability to understand his plea and its consequences.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Defendant Burns's motion to withdraw his guilty plea.

IT IS SO ORDERED.

Dated: September 12, 2022   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[38] Doc. 10 at 4–8 (PageID 22–25).
[39] *See* Doc. 22; Doc. 23.