UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:22-cr-00154 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 79] |
| v. | : |  |
|  | : |  |
| MICHAEL W. BURNS, | : |  |
|  | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

A jury convicted Petitioner Michael Burns of assaulting, resisting, or impeding an officer,[1] and felon in possession of a firearm.[2]  On January 12, 2023, the Court sentenced Burns to twelve months' incarceration on the assault charge and ninety-six months on the firearm charge, to run concurrently and with credit for time served.[3]

Now, Burns moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[4]  In his amended petition, Burns raises three grounds for relief: (1) ineffective assistance of counsel for failing to appeal his conviction; (2) a lack of evidence for his assault of an officer charge; and (3) a facial challenge to the felon-in-possession statute.[5]

The Government moves to dismiss Burns' § 2255 motion as untimely filed.[6]

Because Defendant Burns has shown that he timely filed his original § 2255 petition within the one-year statute of limitations, the Court **DENIES** the Government's motion to

---

[1] 18 U.S.C. § 111(a)(1) & (b).
[2] 18 U.S.C. §§ 922(g)(1), 924(a)(2).
[3] Doc. 66, PageID #: 569.
[4] Doc. 77.
[5] *Id.* at PageID #: 672-74.
[6] Doc. 79.

Case No. 4:22-cr-00154
GWIN, J.

dismiss Burns' first ground for relief, but **GRANTS** the Government's motion to dismiss the second two grounds.

## I.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) gives one year for a defendant to collaterally attack their sentence under § 2255.[7]  That year typically starts on the date judgment becomes final.[8]  If, like here, a petitioner does not file a direct appeal, judgment becomes final on the date when the defendant's appeal period expires.[9]

Sometimes, though, petitioners have longer than a year to file their § 2255 motion. If the government somehow prevents a petitioner from filing his motion, AEDPA's clock pauses until the government's interference ends.[10]  Courts may also equitably toll the one-year limit when, despite a petitioner's best efforts, extraordinary circumstances prevent him from timely filing.[11]

The Court entered judgment on January 12, 2023.  Burns had until January 26, 2023 to file a direct appeal.[12]  He did not do so, so his judgment became final on January 26, 2023.  Burns then had until one year later, January 26, 2024, to file any § 2255 petition.[13]

On the docket, there is a pro se § 2255 petition from Burns using this District's template for § 2255 petitions.[14]  Burns submitted that petition on February 13, 2024, and it

---

[7] 28 U.S.C. § 2255(f).
[8] *See* 28 U.S.C. § 2255(f)(1); *Simmons v. United States*, 974 F.3d 791, 796 (6th Cir. 2020), cert. denied, 142 S. Ct. 23 (2021).
[9] *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004).
[10] 28 U.S.C. § 2255(f)(2).
[11] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 647 (2010).
[12] Fed. R. App. 4(b)(1)(A).
[13] 28 U.S.C. § 2255(f).
[14] *See* Doc. 77.

Case No. 4:22-cr-00154
GWIN, J.

was docketed on February 22, 2024.[15]  This February 13, 2024 petition lists the aforementioned three grounds for relief.

The government correctly argues that this § 2255 petition is untimely.

However, Burns directs the Court to an earlier petition that is timely.[16]  This earlier petition was filed on January 5, 2024, and has the Clerk of the Court's seal.  The earlier-filed petition brings one ground for relief: that of the ineffectiveness of Burns' trial counsel for not filing an appeal when asked to do so.

While the Court is not aware of why this earlier petition did not appear on the docket, Burns' earlier petition nevertheless timely states a ground for relief.  So, the Court **DENIES** the government's motion to dismiss Burns' ineffective assistance of trial counsel claim.

Burns' second and third claims, which only appear in his second petition, are untimely.

In counsel's supplement to his February 13, 2024 § 2255 petition, Burns argues that equitable tolling should apply to his untimely claims, because government interference prevented him from timely filing his direct appeal.[17]  Burns says that because he was held in state custody for at least nineteen days after sentencing, the prison mail system failed to transmit his written request for an appeal to his trial counsel in time.[18]  Had Burns' counsel been made aware of Burns' desire for an appeal while Burns was in state custody, Burns says he would not have had to file the present § 2255 motion.[19]

---

[15] *Id.* at PageID #: 680.
[16] *See* Doc. 80-2, PageID #: 694.
[17] Doc. 81, PageID #: 698.
[18] *Id.* at PageID #: 700-701.
[19] *Id.* at PageID #: 701.

Case No. 4:22-cr-00154
GWIN, J.

"Extraordinary circumstances may exist where a prison mailroom is at fault for the delay."[20]  "But a defendant's bare or unsupported allegation of misconduct by prison officials is insufficient."[21]  And "institutional transfers . . . are not 'extraordinary circumstances'; they are the usual incidents of prison life."[22]

Burns does not provide evidence showing that either the state or federal facility had deficient mail services, or that his trial counsel failed to get his letters.  Burns also says that he alerted his trial counsel to his desire for an appeal after trial.[23]  Ostensibly, his counsel was aware of this request even before Burns wrote counsel while in state custody.

Because Burns has not shown extraordinary circumstances warranting equitable tolling, the Court **GRANTS** the Government's motion to dismiss Burns' ground that his assault of an officer charge lacked evidence and his facial challenge to the felon-in-possession statute.

## II.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's motion to dismiss Ground One, Burns' ineffective assistance of trial counsel claim.  The Court **GRANTS** the Government's motion to dismiss as to Grounds Two and Three.

The Court **ORDERS** Defendant Burns to file any supplement to his § 2255 petition's merits within thirty (30) days of this order.  Any government response is due within thirty (30) days after a supplement is filed.

---

[20] *United States v. Woosley*, No. 5:22-126-DCR-CJS, 2022 WL 17817349, at *4 (E.D. Ky. Nov. 18, 2022), *report & recommendation adopted*, 2022 WL 17443596 (Dec. 6, 2022) (citing *Hakim v. Jones*, No. 3:13-cv-969, 2017 WL 4158672 (N.D. Ohio May 30, 2017).

[21] *Id.* (citations omitted).

[22] *United States v. Magiera*, No. 2:12-32, 2014 WL 5365799, at *1 (E.D. Ky. Oct. 21 2014) (quoting *Neal v. McNeil*, No. 2:09cv23, 2010 WL 298294, at *8 (N.D. Fla. Jan. 15, 2010).

[23] Doc. 77, PageID #: 672.

- 4 -

Case No. 4:22-cr-00154
GWIN, J.

      IT IS SO ORDERED.


Dated: August 29, 2024             *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE