ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. BURNS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | CASE NO. 4:22CR154<br>4:24CV33<br><br>Judge John R. Adams<br><br>**ORDER** |

The Court conducted an evidentiary hearing on Petitioner Michael Burns' § 2255 motion to vacate his sentence on August 14, 2025. Based upon the evidence and testimony presented, the motion is DENIED.

The sole issue remaining in Burns' motion is premised upon his argument that his counsel was ineffective for failing to file an appeal at his request. Based upon guidance from the Sixth Circuit, this Court conducted an evidentiary hearing to determine the validity of Burns' claim. During the hearing, the Court heard testimony from Burns' trial counsel, Assistant Federal Defender Tim Ivey. The Court also accepted evidence related to correspondence sent by Burns to Ivey.

Ivey's testimony indicated that he represented Burns at trial that resulted in Burns being found guilty of a lesser charge on Count 1, guilty of Court 2, and not guilty of Count 3. Burns was

then sentenced to serve 96 months in prison on January 12, 2023.  Ivey recalled that both Burns and others were pleased with this result because Burns was acquitted of the possession and discharge of a firearm in furtherance of a crime of violence.  As a result, Burns faced a significantly lower advisory guideline range.  During his testimony, Ivey conceded that given the length of time, he could not state with 100% certainty that Burns had never discussed an appeal with him.  However, given the circumstances, Ivey could think of no reason why Burns would have sought an appeal.  Ivey's testimony also revealed that he received a letter in April of 2023 from Burns in which Burns requested his full file from Ivey and indicated that he intended to file a habeas petition to attack the constitutionality of his conviction and sentence.  The letter makes no mention of any previous request to file an appeal.  Moreover, the letter does not in any way suggest that Burns was unhappy based on Ivey's failure to appeal.  No other evidence or testimony was submitted in support of Burns' motion.

Based upon the above, the Court finds no evidence that Burns requested an appeal be filed on his behalf.  By all accounts, Ivey received a result at trial that significantly benefited Burns, leading to an advisory guideline range lower than Burns was offered via a prior proposed plea agreement.  Ivey's work effectively saved Burns from multiple further years in prison.  As such, it defies logic to suggest that immediately after such a positive result that Burns would have expressed a desire to appeal.  Moreover, it further defies logic to believe that just a few months after his conviction, Burns would write to Ivey to obtain his file and wholly omit any reference to an appeal or a failure to follow his request to appeal.  Burns' letter is silent on this issue, strongly implying that Burns had never requested an appeal.

Accordingly, the Court finds no factual basis for Burns' contention that he requested an

appeal be filed. As such, he cannot demonstrate ineffective assistance of counsel.[1] Burns' motion to vacate (Doc. 77) is hereby DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

August 25, 2025                                                        /s/John R. Adams
Date                                                                          John R. Adams
                                                                              U.S. District Judge

---

[1] While it played no role in the Court's resolution of Burns' motion, the Court notes that the appeal issue that Burns apparently desired to raise – a challenge to the constitutionality of the felon in possession statute – has been foreclosed by Sixth Circuit and Supreme Court precedent. *See, e.g., United States v Williams*, 113 F.4th 637 (6th Cir. 2024).